
# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
May 8, 2017 Session

## IN RE HAILEY K., ET AL.

### Appeal from the Juvenile Court for Knox County
### No. 152626        Timothy E. Irwin, Judge

___

### No. E2017-00397-COA-R3-PT

___

This is a termination of parental rights appeal. The Trial Court Judge announced a ruling from the bench at the conclusion of the final hearing below and then subsequently entered a written order vacating the oral ruling. The order vacating the oral ruling contemplates further proceedings in the Trial Court. Because there is no final written order terminating the parental rights of the appellant, Shanna K., to her children, we have no jurisdiction to consider this appeal.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

CHARLES D. SUSANO, JR., J., D. MICHAEL SWINEY, C.J., AND JOHN W. MCCLARTY, J.

Shanna K., Knoxville, Tennessee, appellant, *pro se.*

Herbert Slatery III, Attorney General and Reporter, and Kathryn A. Baker, Assistant Attorney General, General Civil Division, Nashville, Tennessee, for the appellee, Tennessee Department of Children's Services.

James E. Corcoran, III, Knoxville, Tennessee, Guardian Ad Litem.

### MEMORANDUM OPINION[1]

___

[1]Rule 10 of the Rules of the Court of Appeals provides as follows:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

After being advised by the Trial Court Clerk of the order granting the parties a new trial, this Court directed the appellant to show cause why this appeal should not be dismissed for lack of jurisdiction based upon the lack of a final judgment. The appellant has filed no response to the show cause order.

"A final judgment is one that resolves all the issues in the case, 'leaving nothing else for the trial court to do.' " *In Re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). "[A]ny order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before entry of a final judgment adjudicating all the claims, rights, and liabilities of all parties." Tenn. R. App. P. 3(a). Because there is no order in this case resolving any of the claims at issue between the parties, this Court does not have subject matter jurisdiction to adjudicate this appeal. *See Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) ("Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only.").

Because there is no final judgment in this case, we lack jurisdiction to consider the appeal. This appeal is dismissed. Costs on appeal are taxed to the appellant, Shanna K., for which execution may issue if necessary.

**PER CURIAM**